UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

OLIVER ACKERLEY,

        Debtor
_____

OLIVER ACKERLEY,

        Appellant,

v.                                                                   Case No. 8:08-cv-56-T-24

WACHOVIA BANK N.A.,

        Appellee.
_____/

**<u>ORDER</u>**

       This cause comes before the Court on Appellant's Motion for Leave to Appeal. (Doc. No. 1). Appellee opposes the motion. (Doc. No. 4).

       Appellant is a debtor in bankruptcy, and Appellee is a creditor. Appellee filed a motion in the bankruptcy court to lift the automatic stay so that it could continue state court foreclosure proceedings on its mortgage on non-residential real property owned by the debtor and his wife. Appellee also sought a determination regarding whether the automatic stay applied to the enforcement of the state court order of contempt. The bankruptcy court granted the motion to lift the stay to allow Appellee to proceed with the foreclosure proceedings, and it clarified that the stay did not apply to the state court's contempt order.

       Thereafter, Appellant filed the instant motion for leave to appeal. It is unclear as to why Appellant is seeking leave to appeal, because 28 U.S.C. § 158(a)(1) provides that Appellant may

appeal a final order to the district court, and courts have found orders lifting the automatic stay to be final orders within the meaning of § 158(a)(1). See In re Mack, 2007 WL 1222575, at *2 (M.D. Fla. April 24, 2007)(citing In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989)); In re Stacy, 167 B.R. 243, 246 (N.D. Ala. 1994)(citations omitted). Thus, to the extent that Appellant is seeking leave to appeal the bankruptcy court's order lifting the automatic stay, leave of Court is not necessary, and the appeal may proceed.

However, it appears that Appellant is attempting to have this Court determine issues that will be (or have been) determined by the state court, and which were not determined in a final order by the bankruptcy judge.[1] Appellant has not shown how this Court would have jurisdiction to hear such issues. As such, to the extent that Appellant is seeking leave of Court to appeal the issues set forth in its motion for leave to appeal (all of which go to the merits of the foreclosure proceeding), the Court cannot grant leave to appeal such issues, and the Court will not consider them in connection with an appeal of the order lifting the stay.

Accordingly, it is ORDERED AND ADJUDGED that the motion is **GRANTED** to the extent that Appellant seeks leave to appeal the order lifting the stay; otherwise, it is **DENIED**. Appellant is directed to file a notice with the Court by January 22, 2008 informing the Court whether he intends on proceeding with this appeal.

---

[1] In fact, during the December 3, 2007 hearing on the motion to lift the stay, the bankruptcy judge rejected Appellant's invitation to determine the merits of the foreclosure action, stating that the bankruptcy "court is not open for business as an appellate court for State Court decisions. Th[e] [bankruptcy] court is not a second chance when things aren't going well in State Court." (Doc. No. 4-2, p. 33).

**DONE AND ORDERED** at Tampa, Florida, this 16th day of January, 2008.

                                                      SUSAN C. BUCKLEW
                                                     United States District Judge

Copies to:
Counsel of Record